[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

No. 11-15158
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-23543-JLK

ROSA GARCIA,

Plaintiff - Appellant,

versus

SCHINDLER ELEVATOR CORPORATION,
a Delaware Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 2, 2012)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Rosa Garcia appeals from an adverse summary judgment on her claim that

Schindler Elevator Corporation ("Schindler"), breached its indemnification

agreement contained within its service and maintenance contract with Miami-Dade County ("MDC"). Garcia's claim against Schindler originates from a separate negligence action she brought solely against MDC for injuries she allegedly sustained while riding an escalator at the Miami International Airport. The escalator is owned and operated by MDC, which contracted with Schindler for the escalator's maintenance. Garcia and MDC negotiated a settlement whereby Garcia would receive $95,400 on her negligence claim against MDC in a final consent judgment and MDC assigned to Garcia all of its rights and remedies against Schindler.

Garcia argues that the district court erred in granting summary judgment in Schindler's favor in this lawsuit because there are disputed issues of fact regarding whether Schindler wrongfully refused to defend MDC in the underlying negligence action. The district court concluded that Schindler did not wrongfully refuse to defend MDC because the undisputed facts established that Schindler never made a determination in the first instance whether to defend. The district court explained that the correspondence from Schindler to MDC indicated that it had not made a decision one way or the other about its duty to defend. Additionally, Schindler requested MDC to provide various specified documents

which were necessary for it to determine whether MDC was entitled to a defense.[1] Because MDC never provided Schindler with the documents, the district court concluded that Schindler was entitled to summary judgment on Garcia's claim that Schindler wrongfully refused to defend MDC. We find no reversible error in this determination.[2]

Garcia also argues that the district court erred in concluding as a matter of law that, under the plain language of Schindler's and MDC's service and maintenance contract and under the facts of this case, Schindler has no duty to indemnify MDC or Garcia. The district court noted that Schindler's duty to indemnify is limited to claims that arise from, relate to, or result from its failure to perform service or maintenance under the terms of the contract. Because Garcia never alleged in her underlying negligence action that Schindler failed to service or maintain the escalator in violation of the service agreement, we find no

---

[1] Garcia argues that there is a dispute of fact about whether MDC ever received the letter in which Schindler requested the documentation because MDC's counsel did not specifically recall receiving the letter. The letter is part of this evidentiary record and was an exhibit to the deposition of MDC's counsel, who never denied receipt. Moreover, the letter was addressed specifically to MDC's counsel at his correct mailing address, which he confirmed during his deposition. Simply because MDC's counsel could not remember receiving the letter does not create a dispute of fact that the letter was mailed or received.

[2] Garcia also argues that Schindler is liable for the consent judgment under a *Coblentz* agreement, which is valid only where the insurer wrongfully refuses to defend. We find no reversible error in the district court's rejection of this claim where the district court already concluded that Schindler did not wrongfully refuse to defend MDC.

reversible error in the district court's conclusion that Schindler has no duty to indemnify MDC or Garcia.

**AFFIRMED.**